THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES JACKSON, <br><br> Plaintiff, <br><br> – against– <br><br> BARCLAYS BANK DELAWARE and <br><br> PHILLIPS & COHEN ASSOCIATES LTD, <br><br> Defendant(s). | Case No. <br><br> Judge: <br><br> **COMPLAINT** |

Plaintiff, James Jackson (hereinafter "Plaintiff"), by and through his attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC ("Gitmeid"), complaining of the Defendants, Barclays Bank Delaware ("Barclays") and Phillips & Cohen Associates LTD. ("Phillips"), (together, "Defendants"), alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter "FDCPA") and breach of contract. The FDCPA prohibits debt collectors and debt buyers from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff is an adult citizen of Thompsons Station, Williamson County, Tennessee.

3. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant Phillips is a company headquartered at 1002 Justison Street, Wilmington, DE 19801.

5. Defendant Barclays is a corporation, formed under the laws of the State of Delaware, with its registered agent located at 251 Little Falls Drive, Wilmington, DE 19808.

6. Defendants are "debt collector[s]" as defined by 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction for any state claims contained within under 28 U.S.C. § 1367.

8. The Court's exercise of personal jurisdiction over Defendants is valid because a substantial part of the events and omissions giving rise to Plaintiff's claim occurred within this Court's jurisdiction.

9. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Williamson County, Tennessee.

## FACTUAL ALLEGATIONS

10. On or about March 17, 2020, Plaintiff entered into a settlement agreement with Barclays to settle and close Plaintiff's Barclays Bank Delaware account ending in 1428.

11. Pursuant to the settlement agreement, Plaintiff was required to make three (3) payments totaling $4,384.00. A copy of the settlement agreement is attached hereto as **Exhibit A**.

12. The first two (2) payments cleared and posted per the terms of the settlement agreement. Proof of these payments is attached hereto as **Exhibit B**.

13. On May 1, 2020, Plaintiff's debt settlement representative called Barclays to submit the third and final settlement payment. The representative provided identical routing and account numbers as the previous two successful payments. The requisite funds were

available to be collected by Barclays. However, this payment was not collected by Barclays.

14. On June 11, 2020, Plaintiff's representative called Barclays and was informed that the account had charged off because the final settlement payment was not received. After Plaintiff's representative advised that the payment was submitted and had been available for collection, Barclays stated the matter would be investigated further.

15. On June 22, 2020, Barclays stated that they investigated the May 1, 2020, payment and determined that Barclays was not at fault because the payment had been returned.

16. On July 31, 2020, Plaintiff's representative called and informed Barclays that the payment could not have been returned, as it was never collected by Barclays. Barclays reaffirmed that their internal investigation found no error on their part. Barclays further advised that the account would be placed with a third party for collection purposes. Plaintiff's representative requested that proof of the returned payment be provided via email. This proof of return was never provided.

17. On October 11, 2021, Plaintiff's representative called Barclays and requested to re-submit the final settlement payment. Barclays stated that they would not honor the agreement as they had deemed the settlement void.

18. On December 12, 2022, Plaintiff, via Gitmeid, delivered a letter to Barclays outlining the facts and history of the account and requesting further discussion. A copy of said letter is attached hereto as **Exhibit C**.

19. On April 4, 2023, Gitmeid called Barclays and was advised that the account had been placed with Phillips. After speaking with Phillips, Gitmeid emailed a copy of the settlement agreement and a power of attorney to Phillips.

20. On April 4, 2023, Phillips responded to Gitmeid's email. Phillips refused to honor the agreement and attempted to renegotiate the account by offering new settlement terms. A copy of said email is attached hereto as **Exhibit D**.

21. At all times pertinent hereto, Defendants acted through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants herein.

22. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and Plaintiff's rights.

## COUNT 1
(Violation of the FDCPA)

23. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

24. The above contacts between Phillips and Plaintiff constitute "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

25. FDCPA 15 U.S.C. § 1692(f) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

26. Phillips engaged in abusive, deceptive, and unfair collection practices where Phillips failed to honor the valid settlement agreement made between Plaintiff and Barclays.

27. Phillips violated the above provisions when Phillips misrepresented the account balance by claiming the settlement was void and required renegotiation.

28. Phillips violated the above provisions where Phillips unfairly prevented Plaintiff from making settlement payments to his Barclays account.

29. Phillips knew or should have known that its actions violated the FDCPA. Additionally, Phillips could have taken the steps necessary to bring its actions within compliance of the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

30. As a result of the above violations of the FDCPA, Phillips is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs.

## COUNT 2
(Breach of Contract)

31. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

32. Barclays' actions constitute a breach of contract where Barclays failed to accept the remaining payment per the terms of the settlement agreement.

33. Barclays' actions constitute a breach of contract where Barclays failed to acknowledge that a valid settlement agreement was in place.

34. As a result, Plaintiff has suffered actual and monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, James Jackson, demands that judgment be entered against Defendants as follows:

1) That judgment be entered against Defendant Phillips for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2) That judgment be entered against Defendant Phillips for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1962k(a)(3);

4) That judgment be entered against Defendant Barclays for actual and monetary damages accrued by Plaintiff as a result of Defendant Barclays' breach of contract;

5) That the Court grant such other and further relief as may be just and proper.

## JURY DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: April 12, 2023

Respectfully Submitted:

**Philip Swan, Esq.**
**BPR #036221**
Law Offices of Robert S. Gitmeid & Assoc., PLLC
Mailing: ATTN: Peter Vella // 180 Maiden Lane, 27th Floor // New York, NY 10038
Local(not for mail): 625 Market Street, ste 400 // Knoxville, Tennessee 37902
Telephone: (865) 315-8140
Fax: ATTN: Peter Vella // (212) 208-2591
philip.s@gitmeidlaw.com